IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROCHELLE SAUCEDO, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CV 09-00294-E-EJL ) |
| THIRD JUDICIAL DISTRICT COURT, | ) **MEMORANDUM ORDER** ) ) |
| Respondent. | ) ) |

Currently pending before the Court in this habeas corpus matter is Respondent's Motion to Dismiss (Docket No. 12).[1] Petitioner has not responded to the Motion, and the time to do so has passed.

The Court will resolve this matter on the written submissions and the record without oral argument. D. Idaho L. Civil R. 7.1(d). For the reasons that follow, Respondent's Motion will be granted, and this case shall be dismissed.

**BACKGROUND**

On December 1, 2008, Petitioner pleaded guilty in state district court to one count of aiding and abetting kidnapping in the first degree, and the state court sentenced her to 20 years in prison, with the first 8 years fixed. (State's Lodgings A-2, A-4.) Judgment was entered on February 18, 2009. (State's Lodging A-4.) Petitioner did not file a direct appeal and has not yet filed an

---

[1] Respondent's Motion for Extension of Time is granted, and his Motion to Dismiss will be considered timely filed.

**MEMORANDUM ORDER - 1**

application for post-conviction relief.

On June 19, 2009, Petitioner lodged a Petition for Writ of Habeas Corpus in this Court, alleging that her appointed counsel suffered from a conflict of interest and failed to file a direct appeal, thereby violating her right to the effective assistance of counsel under the Sixth and Fourteenth Amendments. (Docket No. 3.)

Chief Magistrate Judge Candy W. Dale conducted an initial review of the Petition, noting that the federal claim raised therein appeared to be unexhausted, and ordered a response from Respondent. (Docket No. 6, p. 3.) Respondent has since filed the pending Motion to Dismiss for failure to exhaust state court remedies, and the case has been reassigned to the undersigned district judge because not all parties have consented to a magistrate judge exercising jurisdiction. (Docket No. 14.)

The Court is fully advised in the matter and is now prepared to issue its ruling.

## STANDARD OF LAW

To be eligible for habeas relief, a state prisoner must show that she is being held in state custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Before coming to federal court, the prisoner must first exhaust her state court remedies with respect to all federal claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). State court remedies have been properly exhausted when the prisoner fairly presented the same claim at each level of the state's appellate review process, giving the state courts a full opportunity to correct the alleged error. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Conversely, a prisoner has not exhausted state court remedies if she still "has the right under the law of the State to raise by any available procedure, the question presented." 28 U.S.C. § 2254(c).

A federal court cannot grant relief on an unexhausted claim, though it retains the discretion to deny the claim if it is meritless. 28 U.S.C. § 2254(b)(2).

## DISCUSSION

Respondent contends that Petitioner still has a potential avenue of relief in which to raise her claim of ineffective assistance of counsel in state court under the Idaho Uniform Post-Conviction Procedure Act (UPCPA), Idaho Code §§ 19-4901 – 19-4911. The Court agrees.

An application for post-conviction relief "may be filed at any time within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." Idaho Code § 19-4902(a). Petitioner's judgment was entered on February 18, 2009, and the time to appeal would have expired 42 days later, on April 1, 2009. *See* Idaho Appellate Rule 14. Petitioner has one year from that date in which to submit an application for post-conviction relief in state district court.

Under limited circumstances, a federal district court has the authority to stay a habeas petition that contains both exhausted and unexhausted habeas claims (a "mixed" petition), "to allow the petitioner to present his unexhausted claims to the state court in the first instance." *Rhines v. Weber*, 544 U.S. 269, 271-72 (2005). Unlike *Rhines*, the Petition in the present case is not a mixed one, and the Ninth Circuit has "decline[d] to extend [the *Rhines*] rule to the situation where the original habeas petition contained only unexhausted claims ...." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Instead, "once a district court determines that a habeas petition contains only unexhausted claims .... it may simply dismiss the habeas petition for failure to exhaust." *See Id*.

**MEMORANDUM ORDER - 3**

Therefore, Respondent's Motion to Dismiss will be granted. Petitioner may return to federal court with a new habeas petition after she has exhausted her available state court remedies.[2]

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Extension of Time (Docket No. 8) is GRANTED.

IT IS FURTHER ORDERED that Respondent's Motion to Dismiss (Docket No. 12) is GRANTED, and the Petition is DISMISSED without prejudice.

DATED: **January 15, 2010**

Honorable Edward J. Lodge
U. S. District Judge

---

[2] Exhausting remedies properly means raising the federal claim at each level of the state's appellate review process, including in the Idaho Supreme Court.
Petitioner should also be aware that a one-year statute of limitations applies to all federal habeas petitions. 28 U.S.C. § 2244(d). This period generally starts when the judgment becomes final in state court and runs during all of the time that a properly filed petition for post-conviction or other collateral relief is not pending. Petitioner should calculate the limitations period carefully before returning to federal court.

**MEMORANDUM ORDER - 4**